## 35081. Lester *v.* The State.

Gardner, P. J. The defendant was convicted of possessing non-tax-paid whisky in containers which had no State of Georgia revenue stamps attached. A motion for new trial on the statutory grounds was filed, and certain special grounds were added by amendment. The general grounds are not argued, and are therefore abandoned.

Special ground 1 assigns error because the court permitted one of the officers who had a search warrant to testify that he was there because complaints had been made against the defendant. This was not harmful to the defendant, and did not tend to put his character in issue. Moreover, in the defendant's statement he said that he "hadn't fooled with any whisky in two or three years," and further stated that he had a bottle and was just about to take a drink when the officers arrived. The sheriff and the other officers found on the person of the defendant a pint of non-tax-paid whisky and also saw the defendant throw a bottle into a well. One of the officers, who was behind the barn at the home of the defendant, picked up a pint of whisky which someone had thrown behind the barn while the defendant was throwing the bottle in the well, and at the same time the defendant had another bottle in his pocket. There is no reversible error in this special ground.

Special ground 2 assigns error on the following excerpt from the charge: "A reasonable doubt is not a vague conjecture or bare possibility of innocence, but it is a doubt arising from the evidence or from lack of evidence or from the defendant's statement. And is such a doubt as leaves the mind of a fair and impartial juror in a wavering and unsettled condition as to the defendant's guilt after he has fairly and impartially considered all the evidence in the case including the defendant's statement." It is contended that this is error because it tended to impress the jurors that the defendant's statement was a minor issue. We cannot read that conclusion into this excerpt. The court had already charged correctly on the defendant's statement. There is no merit in this special ground.

Special ground 3 complains of the following excerpt from the charge: "You are instructed, gentlemen, that it is a violation of the law for any person to have or possess or control or be a party aiding or abetting possessing or having or controlling of any quantity of intoxicating liquors and whiskies, that is spirituous liquors, not malt liquors, and not wine, but spirituous liquors, among them being whisky, which is in containers not having thereon the revenue stamps of the State and this defendant is charged in this indictment with having violated that law." Error is assigned on this excerpt, in that it was confusing to the jury because the court included the words "not malt and not wine." There is no merit in this contention. Code § 58-101 (3) states: "Nothing in this Chapter shall apply to fermented beverages made from malt in whole or in part or any similar beverages."

The charge as a whole was clear on every point involved under the evidence. The court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

Decided April 13, 1954.

*J. Ray Merritt, H. Rhodes Jordan,* for plaintiff in error.
*Hope D. Stark, Solicitor-General,* contra.